Case 3:16-cr-00562-N   Document 1   Filed 12/20/16   Page 1 of 13   PageID 1



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARK DEMETRI STEIN (01)<br>RICHARD BRUCE STEVENS (02)<br>BRUCE KEVIN HAWKINS (03)<br>CHRISTIAN RENEE CAVENY (04) | NO.<br><br>3-16CR-562-B |

# INDICTMENT

The Grand Jury Charges:

<div align="center">

Count One
Conspiracy to Commit Mail Fraud
Violation of 18 U.S.C. § 1349 (18 U.S.C. §1341)

</div>

At all times material to the indictment:

## Introduction

    1.    On or about August 4, 2006, CBMS Innovative Real Estate Solutions, Inc. (Real Estate Solutions) was formed by filing papers with the office of the Texas Secretary of State. During at least the period from February 2012 to January 2013, defendant **Mark Demetri Stein** operated Real Estate Solutions as a company in the business of foreclosure rescue.

    2.    At various times in 2012, defendant **Richard Bruce Stevens** used Texas Real Estate Services (TRES) as a company in the business of foreclosure rescue.

    3.    On or about July 6, 2006, ERealty Mortgage Group, LLC, was formed by filing papers with the office of the Texas Secretary of State. At various times in 2012,

Indictment - Page 1

defendant **Bruce Kevin Hawkins** used ERealty Mortgage Group, LLC as a company in the business of foreclosure rescue.

4. On or about July 30, 2006, ERG Mortgages filed an Assumed Name Certificate with the office of the Texas Secretary of State. At various times in 2012, defendant **Bruce Kevin Hawkins** used ERG Mortgages as a company in the business of foreclosure rescue.

5. On or about August 14, 2006, ERealty Group filed an Assumed Name Certificate with the office of the Texas Secretary of State. At various times in 2012, defendant **Bruce Kevin Hawkins** used ERealty Group as a company in the business of foreclosure rescue.

6. On or about October 15, 2006, ERG Investments filed an Assumed Name Certificate with the office of the Texas Secretary of State. At various times in 2012, defendant **Bruce Kevin Hawkins** used ERG Investments as a company in the business of foreclosure rescue.

**The Conspiracy and its Objects**

7. Beginning in or about February 2012, the exact date being unknown to the Grand Jury, and continuing thereafter until at least in or about January 2013, in the Dallas Division of the Northern District of Texas and elsewhere, defendants **Mark Demetri Stein, Richard Bruce Stevens, Bruce Kevin Hawkins,** and **Christina Renee Caveny,** did unlawfully, knowingly, and willfully conspire and agree together, with each other, and with persons both known and unknown to the Grand Jury, to commit an offense against the United States, namely, the offense of mail fraud in violation of 18 U.S.C. § 1341.

**Manner and Means of the Conspiracy**

8. It was part of the conspiracy that:

a) conspirators caused individuals to contact vulnerable and desperate homeowners who recently received notice of foreclosure on their homes;

b) conspirators falsely represented that conspirators had caused investors to quickly purchase the homeowner's loan from the present lender at a greatly reduced price through a process called a "short sale";

c) conspirators falsely represented to homeowners that conspirators owned property that they did not own;

d) conspirators concealed from homeowners that conspirators had no legal right or legal authority to simply create a so-called "mortgage" and then issue a promissory note and deed of trust on this "mortgage" while the property (home) was still held as loan collateral by the present lender;

e) conspirators concealed from homeowners that their original lender did not consent to or even know about this so-called "new loan" being made by the conspirators to the homeowner;

f) conspirators concealed from homeowners that they did not have the legal authority to transfer the deed to their homes without the consent of their lender;

g) conspirators conducted a fraudulent "closing" for each homeowner as part of the scheme. At this phony "closing," conspirators caused the homeowner to pay conspirators a large down payment on the new "loan", and also caused the homeowner to sign one or more of the following fraudulent documents:

a promissory note; deed of trust; special warranty deed; and/or a so-called "land trust";

    h)    Conspirators falsely represented to homeowners that conspirators could "sell" homeowner's property back to homeowner with new loan, when conspirators knew that the conspirators did not legally own the property;

    i)    conspirators told homeowners to ignore notices of non-payment sent by their present lender, as conspirators continued to unlawfully collect monthly so-called "mortgage payments" from homeowners;

    j)    conspirators instructed several homeowners to file for bankruptcy but not follow up with the bankruptcy process as an additional means to delay foreclosure and conceal the conspirator's criminal conduct;

    k)    conspirators falsely represented to homeowners that in order to receive the new loan, the homeowner was required to purchase a new life insurance policy and pay monthly premium payments on that policy; and

    l)    conspirators also concealed from homeowners that all down payment and monthly mortgage payments fraudulently collected from homeowners were being spent for the personal benefit of the conspirators and not being credited on the so-called "new loan."

9. **Acts in Furtherance of the Conspiracy**

    a)    On or about March 19, 2012, defendants **Mark Stein** and **Richard Stevens** were present at a meeting with homeowners K.E. and C.E., then residing in their home located on Springridge Drive in Arlington, Texas. In this meeting, **Stein** and **Stevens** falsely represented to homeowners K.E. and C.E. that **Stein's**

company (Real Estate Solutions) had purchased the homeowner's original home loan from his original lender and informed these homeowners that RES owned one-half of their home. **Stein** and **Stevens** also told C.E. that he was required to purchase life insurance as part of the new so-called "loan". During the period from April through May 2012, **Stein** and **Stevens** fraudulently collected a total of at least $3,209 from homeowners K.E. and C.E.

  b) On or about April 12, 2012, defendant **Richard Stevens** met with homeowner R.C. at her work place. At this meeting, **Stevens** falsely represented to homeowner R.C. that Stein's company (Real Estate Solutions) owned a residential property located on Rushing Creek Drive in Forney, Texas (the Forney property). **Stevens** then fraudulently collected a $1,000 deposit from homeowner R.C. which would be credited on her $11,700 down payment on her new "loan" from Real Estate Solutions to purchase the Forney property.

  c) On or about April 13, 2012, defendants **Mark Stein** and **Richard Stevens** were present at a "closing" on R.C.'s new loan from Real Estate Solutions. **Stein** and **Stevens** falsely represented to homeowner R.C. that **Stein's** company (Real Estate Solutions) had purchased the Forney property and now planned to loan R.C. to funds to purchase this property. In truth, Real Estate Solutions did not purchase or own the Forney property. During the period from April through November 2012, **Stein** and **Stevens** fraudulently collected a total of at least $19,980 from homeowner R.C. In January 2013, R.C. was evicted from the Forney property.

  d) On or about April 13, 2012, defendant **Mark Stein** was present at a

Indictment – Page 5

meeting with homeowner A.C., then residing in her home located on Castlewood Drive in Garland, Texas. In this meeting, **Stein** falsely represented to homeowner A.C. that **Stein's** company (Real Estate Solutions) planned to purchase homeowner's A.C.'s original home loan from her original lender and told A.C. to make a $3,500 down payment on a fictitious new "loan". **Stein** also instructed A.C. to begin making $950 monthly mortgage payments on this new "loan". During the period from April 2012 through October 2012, **Stein** fraudulently collected a total of at least $ 9,989 from homeowner A.C.

  e) On or about April 16, 2012, defendants **Mark Stein, Richard Stevens** and **Christina Caveny** were present at a meeting with homeowner T.A., then residing in her home located on Blossom Circle in Garland, Texas. In this meeting, **Stein** falsely represented to homeowner T.A. that **Stein's** company (Real Estate Solutions) had purchased the homeowner's first and second mortgages from her original lenders and informed T.A. to make a down payment on a new "loan", and begin making new monthly mortgage payments to Real Estate Solutions. During the period from April through June 2012, **Stein, Stevens** and **Caveny** fraudulently collected a total of at least $4,474 from homeowner T.A.

  f) Sometime in June 2012, defendants **Kevin Hawkins** and **Christina Caveny** were present at a meeting with homeowner K.E., then residing in his home located on Blossom Court in Garland, Texas. In this meeting, **Hawkins** falsely represented to homeowner K.E. that **Hawkins'** company (ERealty Group) would purchase the homeowner's original home loan from his original lender. **Hawkins** also told K.E. that he needed to make an $1,800 down payment on a

fictitious new "loan," and begin making $1,396 monthly mortgage payments on this new "loan." During the period from August through November 2012, **Hawkins** fraudulently collected from K.E. a total of at least $5,400 from homeowner K.E.

      g)    On or about July 20, 2012, defendants **Mark Stein** and **Richard Stevens** were present at a meeting with homeowners J.R. and V.R., then residing in their home located on Lakeshore Drive in Grand Prairie, Texas. In this meeting, **Stein** and **Stevens** falsely represented to homeowner J.R. that **Stein's** company (Real Estate Solutions) had purchased the homeowner's home loan from their original lender and informed these homeowners that they should make all future loan payments to RES. **Stein** and **Stevens** also told J.R. that he was required to purchase life insurance as part of the new so-called "loan." During the period from July through September 2012, **Stein and Stevens** fraudulently collected a total of at least $4,714 from homeowners J.R. and V.R.

      In violation of 18 U.S.C. § 1349 (18 U.S.C. § 1341).

<div style="text-align:center">

Counts Two-Six
Mail Fraud, Aiding and Abetting
Violations of 18 U.S.C. §§ 1341 and 2

</div>

**Introduction**

1. The allegations set out in Count One of this Indictment are re-alleged and incorporated as part of Counts Two through Six.

**Scheme to Defraud**

2. It was part of the scheme to defraud that during the period from about February 2012 through in or about January 2013, **Mark Demetri Stein, Richard Bruce Stevens, Bruce Kevin Hawkins,** and **Christina Renee Caveny**, recruited at least seventy distressed and vulnerable homeowners who had recently received notices of foreclosure on their homes.

3. It was a further part of the scheme to defraud that defendants used third parties to contact homeowners and offer them an opportunity to get out of their present home loans and receive a new loan on their home with a reduced monthly payment and reduced interest rate on their loan.

4. It was a further part of the scheme to defraud that defendants falsely represented to each homeowner that the defendants had "investors' standing by who were ready to quickly purchase the homeowner's present loan from the lender holding the homeowner's current mortgage. Defendants also falsely represented that defendants would use investors to purchase the homeowner's loan from the original lender at a greatly reduced price through a process called a "short sale."

5. It was a further part of the scheme to defraud that defendants falsely represented to each homeowner that the homeowner had the legal authority to transfer the

homeowner's deed to their residence to the defendants.

6. It was a further part of the scheme to defraud that during the period from about at least February 2012 through January 2013, defendants fraudulently collected at least $242,000 from at least seventy vulnerable homeowners who were facing the imminent threat of foreclosure of their homes.

7. On or about the dates set forth below, for each of Counts Two through Six, **Mark Demetri Stein, Richard Bruce Stevens, Bruce Kevin Hawkins,** and **Christina Renee Caveny**, acting for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, each defendant as a member of the scheme, either acting personally or as an aider and abettor in the scheme, knowingly caused to be sent, delivered, and moved by the United States Postal Service, or by private and commercial interstate carrier, according to the directions thereon, a package containing materials as more fully described below:

| Count | Date | Item Mailed From | Item Mailed To | Content of Mailed Matter |
|---|---|---|---|---|
| 2 | 5-1-12 | Real Estate Solutions Garland, Texas | Homeowner A.C. Castlewood Dr. Garland, Texas | Loan Statement - requesting monthly mortgage payment |
| 3 | 6-1-12 | Real Estate Solutions Garland, Texas | Homeowner A.C. Castlewood Dr. Garland, Texas | Loan Statement - requesting monthly mortgage payment |
| 4 | 7-1-12 | Real Estate Solutions Garland, Texas | Homeowner A.C. Castlewood Dr. Garland, Texas | Loan Statement - requesting monthly mortgage payment |
| 5 | 8-1-12 | Real Estate Solutions Garland, Texas | Homeowner K.E. Blossom Court Garland, Texas | Loan Statement - requesting monthly mortgage payment |
| 6 | 9-1-12 | Real Estate Solutions Garland, Texas | Homeowner V.R. Lakeshore Dr. Grand Prairie, Texas | Loan Statement - requesting monthly mortgage payment |

In violation of 18 U.S.C. §§ 1341 and 2.

Forfeiture Notice
<u>(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A))</u>

Upon conviction of any of the offenses alleged in Counts One through Six, inclusive, of this Indictment, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendants, **Mark Demetri Stein, Richard Bruce Stevens, Bruce Kevin Hawkins**, and **Christina Renee Caveny**, shall forfeit to the United States of America all property constituting or derived from proceeds traceable to the respective offenses, including the total proceeds derived from the offenses (commonly referred to as a "money judgment).

If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

<div align="center">**[REMAINDER OF PAGE BLANK, ONLY SIGNATURES FOLLOW]**</div>

A TRUE BILL

_____
FOREPERSON

JOHN R. PARKER
UNITED STATES ATTORNEY

_____
DAVID L. JARVIS
Assistant United States Attorney
Texas Bar No. 10585500
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8729
Facsimile: 214.659.8812
Email: david.jarvis@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

MARK DEMETRI STEIN (01)
RICHARD BRUCE STEVENS (02)
BRUCE KEVIN HAWKINS (03)
CHRISTINA RENEE CAVENY (04)

INDICTMENT

18 U.S.C. § 1349 (18 U.S.C. §1341)
Conspiracy to Commit Mail Fraud

18 U.S.C. §§ 1341 and 2
Mail Fraud, Aiding and Abetting

18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(A)
Forfeiture Notice

6 Counts

A true bill rendered

DALLAS                                                       FOREPERSON

Filed in open court this 20th day of December, 2016.

---

**Warrant to be Issued**
**TO MARK DEMETRI STEIN, RICHARD BRUCE STEVENS, CHRISTINA RENEE CAVENY. DEFENDANT BRUCE KEVIN HAWKINS IN CUSTODY AS OF 11/10/2015 IN SEAGOVILLE (CASE 3:14-CR-85-D)**

_____
UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending